UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARTY MOSS, II,                           )
                                          )
                    Petitioner,           )
                                          )
          v.                              )          No. 4:17-CV-2251-NAB
                                          )
CINDY GRIFFITH,                           )
                                          )
                    Respondent.           )

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of Marty Moss, II for a writ of habeas corpus

under 28 U.S.C. § 2254. (Doc. 1.) The State has filed a response. (Doc. 14.) Petitioner did not file

a reply and the time for doing so has passed. Both parties have consented to the jurisdiction of the

undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set

forth below, the petition for a writ of habeas corpus is denied.

## I.      Background

After a jury trial, Petitioner was convicted of assault in the first-degree and armed criminal

action. The following evidence, in the light most favorable to the verdict, was presented at trial[1]:

On the afternoon of September 3, 2011, Petitioner rode his bike to the apartment of his

friend Chris Galgoci (Victim). Petitioner left his bike at Victim's apartment, and the two men went

bar-hopping in Soulard. Victim's friend, Megan Keefe, later joined them. That evening, Petitioner

separated from the group, and Victim and Ms. Keefe decided to buy beer at a gas station and drink

it at a park. Petitioner called Ms. Keefe while she and Victim were en route to the park, and she

---

[1] These facts are taken from the Missouri Court of Appeals' decision in Petitioner's direct appeal. Resp't Ex. E. A
state court's determination of a factual issue shall be presumed to be correct. 28 U.S.C. § 2254(e)(1).

informed him of their plans. A short time later, Petitioner charged at Victim with a knife and stabbed him in the neck. Victim and Petitioner struggled, and Victim twice punched Petitioner in the face. Petitioner fled to Victim's apartment, where he broke down the door and retrieved his bike.

The State charged Petitioner as a prior offender with first-degree assault and armed criminal action. The trial court conducted a three-day jury trial, at which the State presented Victim, Ms. Keefe, three eyewitnesses, and several law enforcement officers involved in the investigation. Victim testified that he was walking down the street with Ms. Keefe when Petitioner "ambushed" him and stabbed him in the neck. Victim stated that, after his release from the hospital, he returned to his apartment and found "[t]he back door had been kicked in and [Petitioner's] bicycle was gone."

On cross-examination, defense counsel questioned Victim about his struggle with Petitioner, emphasizing that Victim was "physically on top of" Petitioner and punching him in the face. This exchange followed:

> [COUNSEL]: As a matter of fact, [Petitioner] was bleeding, wasn't he?
> [VICTIM]: I don't recall.
> [COUNSEL]: There was blood all over your apartment, wasn't there?
> [VICTIM]: The photos appears [sic], yes.
> [COUNSEL]: So he was still bleeding when he got to your place?
> [VICTIM]: That's correct.

Megan Keefe also testified for the State. She described Petitioner's attack on Victim and testified that she accompanied Victim to the hospital and then to his apartment, where she observed that the lower panel of Victim's door "was kicked in" and "there was blood on the door handle as well as blood droplets on the sidewalk leading out to the door." She stated that Petitioner's bike was no longer in Victim's apartment. On cross-examination, Defense counsel asked Ms. Keefe:

> [COUNSEL]: Did you see blood in the apartment?
> [MS. KEEFE]: I saw blood on the sidewalk and on the door handle.

. . . .
[COUNSEL]: [Victim] had beaten [Petitioner] up pretty good?
[MS. KEEFE]: He got a couple punches in, yes.
[COUNSEL]: Did you see [Petitioner] bleeding?
[MS. KEEFE]: I do not remember seeing [Petitioner] bleeding.
[COUNSEL]: You were looking at him, right?
[MS. KEEFE]: I was looking at the fight as it was happening. I don't know whose blood was whose.
[COUNSEL]: You saw the blood drops on the sidewalk outside of [Victim's] apartment?
[MS. KEEFE]: Yes.
[COUNSEL]: You saw the blood drops inside of [Victim's] apartment?
[MS. KEEFE]: Yes.

The three eyewitnesses presented by the State testified to observing Petitioner and Victim fighting and confirmed they saw Petitioner holding a knife. The State also presented St. Louis Metropolitan Police Department (SLMPD) evidence technician Detective Jamie Hull, who responded to Victim's apartment. Det. Hull stated that, on the night of September 3, 2011, he "was dispatched to process a scene for a burglary." Det. Hull described "damage to the front door" and "drops of apparent blood leading to the door." A DNA analyst from the SLMPD testified that the blood found at Victim's apartment belonged to Petitioner.

The defense presented as its sole witness John Pierce, the police officer who responded to the crime scene. Officer Pierce described photographing the scene of the incident and interviewing witnesses. He testified that when he interviewed Ms. Keefe at the scene of the incident, she never said that Petitioner came at Victim with a knife. Rather, Ms. Keefe told Officer Pierce that Petitioner ran up to them and Victim and Petitioner began fighting.

After both the State and the defense rested their cases, the judge held an instructions conference in his chambers. After discussing the jury instructions to be submitted, Defendant's trial counsel stated, "Defense counsel did prepare a lesser included instruction for assault second degree. The defendant has elected not to admit that instruction to the Court." The defense did not submit an instruction for the lesser-included offense of second degree assault.

After the instructions conference, the judge read the instructions to the jury, and the parties gave closing arguments. In closing argument, defense counsel sought to discredit the three eyewitnesses who testified that they observed Petitioner holding a knife:

> The big three say they never see [Petitioner] on top I mean [Victim] on top of [Petitioner]. The big three say they never saw [Petitioner] getting hit by [Victim]. How does that contradict the physical evidence? It contradicts the physical evidence, because we know there's blood in the apartment, the blood in the apartment. He left his bike in the apartment. He went there and got his bike back. There's blood dripping on the sidewalk. There's blood dripping on the way into the building. There's blood dripping inside of the building. He was injured. He was punched. He was hit. He was in a fight.

The defense also presented photographs showing the broken glass on the street. Trial counsel argued that Petitioner did not stab Victim with a knife but Victim instead was injured by falling on broken glass that was in the street. He argued, "This was a bunch of drunk people that had a meeting. Two guys that were very intoxicated that got into a fight. That's what happened here."

In her rebuttal closing argument, the prosecutor reviewed the evidence supporting the State's case and concluded, "Who ran away and who stayed to talk to the police? [Petitioner] ran. . . . . He took off. He went to [Victim's] apartment and further victimized him, breaking in his door and injuring his hand. He took his bike and rode out of Soulard."

The jury found Petitioner guilty of first-degree assault and armed criminal action, and the trial court sentenced him to concurrent terms of seventeen years' imprisonment. Petitioner filed a direct appeal, which was denied by the Missouri Court of Appeals. *State v. Moss*, 465 S.W.3d 75, 76 (Mo. App. E.D. 2015). Petitioner then filed a motion for post-conviction relief, alleging ineffective assistance of counsel. The post-conviction motion court appointed counsel, held an evidentiary hearing, and ultimately denied the post-conviction motion. That denial was affirmed by the Missouri Court of Appeals.

## II.     Standard of Review

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law. Judges must be vigilant and independent in reviewing petitions for the writ, a commitment that entails substantial judicial resources." *Harrington v. Richter*, 562 U.S. 86, 91 (2011). "In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release." *Trevino v. Thaler*, 569 U.S. 413, 421 (2013). The Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after this statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). In conducting habeas review pursuant to 28 U.S.C. § 2254, a federal court is limited to deciding whether a claim that was adjudicated on the merits in state court proceedings "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For purposes of § 2254(d)(1), the phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). "In other words, 'clearly established federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Id.* at 71-72. To obtain habeas

relief, a habeas petitioner must be able to point to the Supreme Court precedent which he thinks the state courts acted contrary to or unreasonably applied. *Buchheit v. Norris*, 459 F.3d 849, 853 (8th Cir. 2006).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent if it correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case. *Id.* (citing *Williams*, 529 U.S. at 407-408). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 793 (citing *Williams*, 529 U.S. at 409). "A state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Evenstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006). Clear and convincing evidence that state court factual findings lack evidentiary support is required to grant habeas relief.  28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). A "readiness to attribute error is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). AEDPA's highly deferential standard demands that state court decisions be given the benefit of the doubt. *Id.*

## III.    Discussion

In his petition for writ of habeas corpus, Petitioner raises five grounds for relief. First, Petitioner asserts the trial court erred in allowing an uncharged offense to be introduced by the prosecutor. Second, Petitioner alleges ineffective assistance of counsel for failure to submit an instruction for a lesser included offense. Third, Petitioner alleges ineffective assistance of counsel for failure to call Victim's doctor as a witness. Fourth, Petitioner alleges ineffective assistance of counsel for failure to recover and conduct forensic analysis on evidence from the crime scene. Fifth, Petitioner alleges ineffective assistance of counsel for failure to object to the introduction of crime scene photographs that were withheld until the day of trial. The Court will address each claim in turn.

### A.  Trial Court Error Claim

In Ground One, Petitioner states the trial court erred in allowing an uncharged offense to be introduced by the prosecutor. Specifically, he argues the trial court plainly erred in admitting evidence of the break-in at the Victim's apartment, as the evidence's probative value was far outweighed by the risk of prejudice. (Doc. 1-1.) Petitioner did not raise this objection at trial, but he did raise it in his direct appeal. The Missouri Court of Appeals conducted a plain error review of this claim and rejected it. Resp't Ex. E at 5-7. The Court of Appeals explained that the evidence of the break-in at Victim's apartment was a part of Petitioner's trial strategy:

> Our review of the record reveals that [Petitioner's] failure to object to evidence of the break-in at Victim's apartment was trial strategy. The theory of the defense was that [Petitioner] did not possess a knife but that he and Victim engaged in a fistfight and glass from the sidewalk caused Victim's injuries. [Petitioner] used evidence collected from the scene of the break-in (namely, the presence of [Petitioner's] blood in and around Victim's apartment) to support this theory. For this reason, defense counsel not only decided not to object to evidence of the break-in, but elicited from several witnesses testimony about the blood at Victim's apartment. Indeed, defense counsel highlighted this evidence in closing argument to convince the jury that Victim had severely beaten him.

7

Resp't Ex. E at 4-5. The Court of Appeals found that Petitioner could not "seek to utilize evidence in the pursuit of reasonable trial strategy, and then, turn around on appeal and claim that same evidence was inadmissible and prejudicial." Resp't Ex. E at 5 (quoting *State v. Carollo,* 172 S.W.3d 872, 876 (Mo. App. 2005).

The Eighth Circuit has made clear that a Missouri Court of Appeals' plain error review is not sufficient to show that a petitioner properly exhausted his claim. In *Clark v. Bertsch*, 780 F.3d 873, 876-77 (8th Cir. 2015), the Court held that a state court's discretionary plain-error review does not rescue a claim that was otherwise procedurally defaulted. Here, Petitioner has not attempted to show cause and prejudice for his failure to raise this claim before the state courts.

Even if this claim were not procedurally barred, however, it would fail on the merits. "Questions of admissibility of evidence in state trials are matters of state law and ordinarily are not grounds for federal habeas relief." *Glaze v. Redman*, 986 F.2d 1192, 1195 (8th Cir. 1993). Consequently, "where a petitioner's federal habeas corpus claim is based upon a theory which can be determined as a matter of state law, the federal court is bound by a state court's interpretation of state law." *Clark v. Groose*, 16 F.3d 960, 963 (8th Cir. 1994). In his habeas petition, Petitioner argues that the introduction of the evidence violated his right to due process of law. To establish that the admission of this evidence somehow constituted a due process violation, he would have to show that it rendered the entire trial fundamentally unfair. *Harris v. Bowersox*, 184 F.3d 744, 752 (8th Cir. 1999). Petitioner has not and cannot show this. The Court of Appeals' conclusion that the evidence was used by Petitioner in the pursuit of reasonable trial strategy to support the theory that the Victim's injuries resulted from a fistfight between Victim and Petitioner is correct. There was no due process violation here, and the result would not have been different even if the

8

issue had been properly raised before the trial court. Ground One is procedurally barred from federal habeas review and would fail on the merits. Ground One will be denied.

### B.  Ineffective Assistance of Counsel Claims

#### 1.  Legal Standard

To obtain relief based on ineffective assistance of counsel, a petitioner must establish: (1) that the trial counsel's performance fell below an objective standard of reasonableness; and (2) that this deficient performance prejudiced the Petitioner's defense. *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984). Both prongs of *Strickland* must be shown to succeed on a claim for ineffective assistance of counsel. *Id.* at 697. Therefore, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, then that course should be followed." *Id.*

To satisfy the first prong of *Strickland,* a petitioner must identify the specific acts or omissions of counsel that are alleged not to have been the result of reasonable, professional judgment. *Id.* at 688. Then, the court must determine whether "in light of all the circumstances, the identified actions or omissions were outside the range of professionally competent assistance." *Id.* In making this determination, the court should recognize that trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

To satisfy the second prong of *Strickland,* a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In determining whether sufficient prejudice does exist, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.* at 695. Additionally, the court "should presume, absent challenge to the judgment on grounds of evidentiary insufficiency, that the judge and jury acted according to law." *Id.* at 694.

## 2.    Exhausted Claim: Ground Two

In Ground Two of his petition Petitioner asserts that he received ineffective assistance of counsel in that trial counsel failed to submit an instruction for the lesser included offense of assault in the second degree when it submitted the instruction for assault in the first degree, violating Petitioner's rights to due process of law, to present a defense, and to a fair trial. Petition raised this claim in his Rule 29.15 motion for post-conviction relief, and the motion court held an evidentiary hearing. Resp't Ex. G.

The motion court denied Petitioner's post-conviction motion, finding that trial counsel's decision not to submit a lesser-included offense instruction was reasonable because doing so would have been a step towards conceding that Petitioner was the aggressor and would have undermined the "all or nothing defense" that had been presented. Resp't Ex. F. The Missouri Court of Appeals affirmed the denial. Resp't Ex. J.

At the hearing, Petitioner's trial counsel testified that he could not recall why he chose not to submit the lesser-included offense instruction on assault in the second degree. Resp't Ex. G. Trial counsel testified he generally would consult with his client regarding the submission of a lesser-included offense instruction. On reviewing the transcript of the instructions conference, where trial counsel stated that "defense counsel" had prepared the lesser included but that "defendant" had elected not to submit it, counsel stated his reference to "defendant" likely was referring to Petitioner, suggesting Petitioner had discussed the lesser-included offense instruction with counsel and chose not to submit it. Trial counsel also testified, when questioned about the defense's theory presented at trial, that he recalled presenting a self-defense theory. When Petitioner testified at the evidentiary hearing, he stated that trial counsel never talked to him about a lesser-included offense instruction. The motion court expressly found Petitioner not credible on

10

this point. The motion court held that trial counsel's decision not to request an instruction for

assault in the second degree "was objectively reasonable trial strategy: the giving of the lesser

included offense would have been a step towards conceding that [Petitioner] was the aggressor

and it would have undermined the all or nothing defense that had been presented." Resp't Ex. F at

49. Thus, the motion court denied Petitioner's motion to vacate, set aside, or correct judgment and

sentence.

The Missouri Court of Appeals held that trial counsel exercised reasonable trial strategy in

deciding not to request an instruction for assault in the second degree, and that Petitioner did not

establish that he did not agree to not submit the lesser-included offense instruction. Specifically,

the appellate court found:

> In its findings of fact, the motion court found that trial counsel's decision to not
> include the lesser-included offense instruction was objectively reasonable. The
> court found "the giving of the lesser included offense would have been a step
> towards conceding that [Petitioner] was the aggressor and it would have
> undermined the all or nothing defense that had been presented." [Petitioner] claims
> the motion court clearly erred in this finding because an all-or-nothing defense was
> not presented to the jury. Rather, he contends the defense at trial was self-defense,
> which is "in no way, shape, or form an 'all or nothing' defense." Trial counsel did
> testify at the evidentiary hearing that he recalled presenting a theory of self-defense
> at trial. However, the motion court found that the theory of defense actually
> presented at trial was that [Petitioner] did not stab [Victim]; rather, they both were
> involved in a drunken fistfight whereby [Victim] was cut by glass lying on the
> street. The motion court made this finding based on its review of the trial record,
> specifically the defense's closing argument, and the court did not solely rely on trial
> counsel's recollections of his defense strategies for a case that had been tried two
> years previously.
>
> The trial record supports the motion court's finding that the defense's theory
> presented at trial was not self-defense. Trial counsel conceded [Petitioner] may
> have been the initial aggressor, trial counsel did not argue that [Petitioner's] actions
> were solely in response to a fear of imminent harm, and trial counsel suggested
> [Victim's] injuries were accidental. In addition, the defense contested that Appellant
> had or used a knife, claiming instead that the men engaged in a drunken fistfight,
> during which [Victim]  and [Petitioner] fell into the street, where [Petitioner] was
> accidentally cut by glass on the pavement. Under this approach, Appellant sought
> full acquittal for first-degree assault because [Petitioner's] injuries were accidental,

11

not because he intentionally stabbed [Petitioner] in self-defense. This constitutes an "all-or-nothing" strategy. *See, e.g., Immekus*, 410 S.W.3d at 684; *Oplinger*, 350 S.W.3d at 477; *Love v. State*, 670 S.W.2d 499, 502 (Mo. banc 1984). The motion court did not clearly err in its findings that trial counsel's decision to not include a lesser-offense instruction was objectively reasonable trial strategy consistent with this all-or-nothing defense.

Furthermore, [Petitioner] failed to establish that he did not agree to not submit the lesser-included offense instruction. When trial counsel adopts a strategy with which his client agreed, a Rule 29.15 movant cannot then claim ineffective assistance of counsel. *See Prince v. State*, 390 S.W.3d 225, 237 (Mo. App. W.D. 2013). [Petitioner] testified at the hearing that trial counsel never discussed the lesser-included offense instruction with [Petitioner]. The motion court found [Petitioner's] testimony to not be credible. The motion court is free to determine the credibility of the witnesses and to believe or disbelieve the testimony of any witness, including Appellant. *Tate*, 461 S.W.3d at 20. We defer to that credibility determination. *Id.* The trial record shows that "defense counsel" prepared the lesser-included offense instruction, but that "defendant" chose to not submit it. Furthermore, trial counsel testified at the evidentiary hearing that he would generally confer with his clients regarding such submission of an instruction. Thus, the motion court did not clearly err in finding that [Petitioner] discussed the submission of the second degree assault instruction with trial counsel and [Petitioner] did not agree to not submit the instruction. Point denied.

Resp't Ex. J at 6-8.

The motion court and the appellate court correctly applied federal law in denying Petitioner's claim for ineffective assistance of counsel. To specifically show ineffective assistance of counsel for failure to request a lesser-included offense instruction, "the movant must show that the evidence would have required the trial court to submit the instruction had one been requested, that the decision not to request the instruction was not reasonable trial strategy, and that prejudice resulted." *McCrady v. State*, 461 S.W.3d 443, 448 (Mo. App. E.D. 2015). Pursuing an all-or-nothing defense has repeatedly been upheld as a reasonable trial strategy. *See Immekus v. State*, 410 S.W.3d 678, 685 (Mo. App. S.D. 2013) (holding that trial counsel's decision to not include a lesser-included offense instruction of second degree assault was objectively reasonable in pursuing an all-or-nothing defense to a charge of first degree assault); *Oplinger v. State*, 350 S.W.3d 474,

477 (Mo. App. S.D. 2011). The state courts' decisions are supported by the record and are entitled to deference. Therefore, this claim for habeas relief will be denied.

### 3.    Defaulted Claims: Grounds Three, Four, and Five

#### a. Standard of Review for Procedurally Defaulted Claims

Petitioner has defaulted Grounds Three, Four, and Five because these claims were not raised in state court. "Failure to raise a claim on appeal reduces the finality of appellate proceedings, deprives the appellate court of an opportunity to review trial error, and undercuts the State's ability to enforce its procedural rules." *Murray v. Carrier,* 477 U.S. 478, 491 (1986). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

To overcome the default, a defendant must demonstrate cause and actual prejudice as a result of the alleged violation of federal law, or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. 722 at 750. To show cause for the default, defendant must demonstrate that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. *Murray,* 477 U.S. at 488. For example, a defendant could demonstrate that the factual or legal basis for a claim was not reasonably available to counsel or some interference by officials made compliance impracticable. *Id* at 488. While ineffective assistance of counsel constitutes cause for a procedural default, the exhaustion doctrine generally requires that an ineffective assistance claim be presented to the state courts as an independent claim before it may be used to establish cause of a procedural default in federal habeas proceedings. *Id.* at 489. An ineffective assistance of counsel claim asserted as cause for the procedural default of another claim can itself be procedurally

defaulted. *Edwards v. Carpenter,* 529 U.S. 446, 453 (2000). This procedural default may be excused if the prisoner can then satisfy the cause-and-prejudice standard with respect to that claim. *Id.*

Here, Petitioner included Grounds Three, Four, and Five in his original *pro se* post-conviction motion, but his counsel did not include these grounds in his amended post-conviction motion. *Compare* Resp't Ex. F at 14-16, *with* Resp't Ex. F at 31-32. Petitioner admits these grounds were not ruled on by the motion court or the appellate court; however, his petition states specifically that *his attorney* did not preserve these issues. (Doc. 1 at 9.) To the extent Petitioner contends that ineffective assistance of his post-conviction counsel establishes cause for his default of his three remaining claims of ineffective assistance of trial counsel, this is a legally insufficient cause for the procedural default in state court.

Section 2254(i) provides that "the ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). The Supreme Court has recognized a limited exception to this rule. In *Martinez v. Ryan*, the Supreme Court held that when, as in Missouri,

> a State requires a prisoner to raise an ineffective-assistance- of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).

*Martinez v. Ryan,* 566 U.S. 1, 14 (2012). In addition, to overcome the procedural default, "a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

14

*Id.* With these standards in mind, the Court will now review whether each of the three defaulted ineffective assistance of counsel claims to determine whether Petitioner can overcome default.

b. <u>Ground Three: Trial Counsel's Failure to Call a Witness</u>

Ground Three alleges ineffective assistance of counsel for failure to call Victim's physician as a witness at trial. Petitioner contends that the physician would have testified that the Victim's wounds were not caused by a knife, but by an unintentional cut from the broken beer bottle Petitioner and Victim fell on during their altercation. In response, Respondent asserts this claim is procedurally defaulted, and Petitioner has failed to demonstrate good cause and actual prejudice. Further, Respondent maintains the claim fails on the merits because it was reasonable strategy for trial counsel to not call the physician.

As discussed above, to overcome Petitioner's procedural default, he must establish that counsel on collateral review was ineffective under *Strickland* and that the ineffective assistance of trial counsel claim is meritorious. The Court finds that Petitioner is unable to demonstrate cause sufficient to overcome the default. Petitioner must demonstrate that counsel's performance was "deficient" and that such deficient performance "prejudiced" his defense. *See Strickland*, 466 U.S. at 687. "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006) (citing *Strickland*, 466 U.S. at 689).

The Court finds that Petitioner is unable to establish that postconviction counsel's performance was deficient. In the amended Rule 29.15 motion, counsel raised one claim of ineffective assistance of trial counsel. *See supra* at Section III.B.2. "If, as with appellate counsel, 'one of [post-conviction] counsel's important duties is to focus on those arguments that are more

15

likely to succeed, [then] counsel will not be held to be ineffective for failure to raise every conceivable issue.'" *Sutton v. Wallace*, No. 4:13-CV-1285-CEJ, 2016 WL 4720452, at *10 (E.D. Mo. Sept. 9, 2016) (quoting *Link v. Luebbers*, 469 F.3d 1197, 1205 (8th Cir. 2006)). Only where stronger issues are ignored is a petitioner able to overcome the presumption of effective assistance of counsel. *Id.* (citations and quotations omitted).

The Court finds that post-conviction counsel's decision to focus on the claim set forth above was reasonable trial strategy. Petitioner makes no attempt to argue that the defaulted claim is stronger than those advanced by post-conviction counsel. *See Muhammad v. Cassady*, No. 4:13-CV-1816-SPM, 2016 WL 4493682, at *9 (E.D. Mo. Aug. 26, 2016) ("It appears that post-conviction counsel determined that the claims presented were the most meritorious claims and the ones that could be supported with evidence, and Petitioner offers no argument or evidence to overcome the presumption that counsel's decision to focus on these five claims was a reasonable strategy.").

In addition, the Court finds that the underlying defaulted claim of ineffective assistance of counsel is not substantial. "The selection of witnesses and evidence are matters of trial strategy, virtually unchallengeable in an ineffective assistance claim." *Covington v. State*, 569 S.W.3d 469, 475 (Mo. Ct. App. 2018) (citation omitted). "'Decisions relating to witness selection are normally left to counsel's judgment, and this judgment will not be second-guessed by hindsight.'" *Forrest v. Steele*, 764 F.3d 848, 858 (8th Cir. 2014) (quoting *Hanes v. Dormire,* 240 F.3d 694, 698 (8th Cir. 2001) (internal quotation omitted)). Petitioner contends that the doctor's testimony would have "easily proven" that Victim's injuries were caused by broken glass from a beer bottle and not a knife. (Doc. 1-1 at 3.) However, Petitioner does not allege what facts trial counsel could have developed through the doctor's testimony to prove that the beer bottle, and not a knife, caused

Victim's injuries. Petitioner does not give the Court reason to believe that had the doctor testified at trial, he could conclusively testify that Petitioner's injuries were not caused by a knife. Trial counsel's decision not to call the doctor may have been strategic in that the doctor's testimony could have supported the Victim's testimony regarding the severity of his injuries or given support to the prosecuting attorney's argument that Victim almost died as a result of the stabbing. Resp't Ex. A at 154-158, 450. Trial counsel's decision not to call the Victim's doctor as a witness for the defense was an objectively reasonable strategic decision and not a basis for a *Strickland* challenge. This ground remains procedurally barred because post-conviction counsel cannot be found ineffective for failing to raise a meritless claim. Petitioner's third ground for habeas relief is denied.

c. Ground Four: Trial Counsel's Failure to Obtain Evidence

Ground Four alleges ineffective assistance of counsel for failure to question Officer Pierce regarding the officer's failure to conduct forensic testing on a broken beer bottle found at the crime scene. Specifically, Petitioner contends that a forensic analysis of the broken beer bottle would have found the Victim's DNA on the bottle and proven his injuries were not caused by a knife, but by the broken glass from the bottle.[2] As discussed above, Ground Four is procedurally defaulted for failure to raise the issue in state court. To overcome procedural default, Petitioner must establish that postconviction counsel's performance was ineffective under *Strickland.* Petitioner

---

[2] Respondent characterizes the claim as an allegation that the police violated Petitioner's constitutional rights by failing to seize the broken beer bottle at the crime scene. (Doc. 14 at 7.) Respondent states such a claim is defaulted for failure to present it to the post-conviction relief court. Respondent states that alternatively, the claim is meritless because Petitioner does not identify a Supreme Court decision that manages the police's crime scene investigation. The undersigned agrees that such a claim is defaulted for failure to raise in state court. However, Respondent's characterization of the claim as a violation of Petitioner's rights by the police is not supported by the Petition. (*See* Doc. 1-1 at 4.) In addition, Petitioner's original post-conviction motion includes Ground Four and references *Moore v. State,* further evidencing that Petitioner considers this claim to be based on the alleged ineffectiveness of his counsel, not whether his constitutional rights were violated by the police's investigation. *See* Resp't Ex. F at 14; *Moore v. State,* 827 S.W.2d 213 (Mo. 1992) (defendant was denied effective assistance of counsel where defense counsel based his closing argument on the erroneous assumption that defendant could not afford blood typing tests and that the specimens were no longer usable at the time of trial).

has not met this high burden, as it cannot be said that this claim would have been meritorious and should have been raised by post-conviction counsel.

Petitioner has not and cannot establish that his trial counsel was deficient for either failure to retrieve the broken beer bottle or failure to question Officer Pierce about the lack of forensic testing on the broken beer bottle. Petitioner has not alleged that the broken beer bottle could have been obtained by trial counsel for forensic analysis. Even assuming that the police had collected the beer bottle while processing the scene and a forensic analysis of the bottle was conducted, Petitioner fails to show how this would have supported his version of the events. Witnesses, including the Victim, testified that after the Victim was stabbed, Petitioner and Victim were observed in a fight on the ground. If a forensic analysis revealed the Victim's DNA had been on the bottle, this evidence further supports that the Victim was in a fight on the ground, but does not provide exculpatory evidence for Petitioner. Moreover, defense counsel may have considered the likelihood that a forensic analysis of the bottle would have linked the bottle to Petitioner, resulting in inculpatory evidence. Trial counsel's failure to obtain forensic testing and failure to question Officer Pierce about testing that never occurred were reasonable trial strategy. The fact that counsel's strategy was not successful does not mean trial counsel's performance fell outside "the wide range of reasonable professional judgment." *Bucklew,* 436 F.3d at 1016. Petitioner's fourth ground for habeas relief is denied

### d. Ground Five: Trial Counsel's Failure to Object to Evidence

Ground Five alleges ineffective assistance of counsel for failure to object to the introduction of crime scene photographs that trial counsel did not learn about until the day of trial. Officer Pierce took photographs of the crime scene on the night of the incident, but forgot he had them and did not turn them over to counsel until right before trial. Petitioner states his trial counsel

failed to object to this, and knowledge of the photographs prior to trial would have better prepared the defense for trial, and more importantly to Petitioner, the photographs would have given defense counsel an opportunity to present this to the Court prior to trial for a chance for a lesser charge or plea deal.

Similar to Grounds Three, and Four, Ground Five is procedurally defaulted for failure to raise the issue in state court. Petitioner has not met the high burden of establishing postconviction counsel's performance was ineffective under *Strickland*. Petitioner argues that prior knowledge of the crime scene photographs would have made defense counsel better prepared for trial and would have allowed counsel to perhaps negotiate a lesser charge or plea deal for Petitioner. However, Officer Pierce's failure to provide the photos to the State and make the parties aware of their existence until the morning of trial does not constitute a deficiency on the part of defense counsel such that he was ineffective. Additionally, counsel's failure to object to the introduction of the photographs was reasonable. It is not ineffective assistance of trial counsel not to object to properly admitted evidence. *See Kinder v.. Bowersox*, 272 F.3d 532, 553-54 (8th Cir.2001). Regardless of Officer Pierce's delay in turning them over, the photographs were relevant to show glass on the ground where the Victim and Petitioner had their altercation. Resp't Ex. A at 191-192, 374-375. This supported the defense theory that Petitioner did not stab Victim with a knife and he was instead injured by falling on broken glass. Petitioner fails to show how photographs that supported his defense were prejudicial. Defense counsel's failure to object to the photos was reasonable trial strategy and cannot be said to be an error that deprives Petitioner of his right to counsel guaranteed by the Sixth Amendment. *See Strickland,* 466 U.S. at 687. This ground for habeas relief is denied.

**IV.     Conclusion**

Based on the foregoing, the Court finds that Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be denied. The Court finds that the state court's findings and conclusions regarding Petitioner's claims were not contrary to, nor do they involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, nor did they result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Further, because Petitioner has made no showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Marty Moss, II for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is **DENIED. (**Doc. 1.)

**IT IS FURTHER ORDERED** that a separate judgment will be entered this same date.

**IT IS FURTHER ORDERED** that, for the reasons stated herein, any motion by Marty Moss, II for a Certificate of Appealability will be **DENIED**.

So Ordered this 30th day of November, 2020.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

20